```
1  BENJAMIN B. WAGNER
   United States Attorney
2  RUSSELL L. CARLBERG
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone: (916) 554-2748
```



FILED

MAY 3 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. S-08-376 EJG |
| Plaintiff, | [PROPOSED] SUMMARY JUDGMENT OF DECISION |
| v. | |
| GARRET GRIFFITH GILILLAND III, NICOLE MAGPUSAO, | |
| Defendants. | |

This defendants' motions (1) to dismiss the indictment and (2) to suppress testimony of Anthony Symmes came regularly before the Court on April 22, 2011. Assistant United States Attorney Russell L. Carlberg appeared for the United States. Scott Tedmon, Esq., appeared for defendant Gililland. Krista Hart, Esq., appeared for defendant Magpusao. For the reasons stated in the attached transcript of the April 22 proceedings, the defendants' motions are **DENIED**.

**IT IS SO ORDERED**

Date: 5/3/11

_____
EDWARD J. GARCIA
United States District Court Judge

1

```
 1                UNITED STATES DISTRICT COURT
 2                EASTERN DISTRICT OF CALIFORNIA
 3                          ---oOo---
 4
 5   THE UNITED STATES OF AMERICA,         )
                                           )No. 2:08cr-376
 6                      Plaintiff,         )
              vs.                          )
 7                                         )
                                           )
 8   GARRET GRIFFITH GILILLAND, III,       )
     and                                   )
 9   NICOLE MAGPUSAO,                      )
                                           )
10                      Defendants.        )
                                           )
11   _____
12
13                          ---oOo---
14
15      BEFORE THE HONORABLE EDWARD J. GARCIA, JUDGE OF THE
16   UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF
17   CALIFORNIA, AND ON APRIL 22, 2011.
18
19            REPORTER'S TRANSCRIPT OF PROCEEDINGS
20              MOTION TO DISMISS THE INDICTMENT
21
22                          --oOo--
23
24   REPORTED BY:            LISA MARIE USSERY
                             CSR NO. 11534
25
```

DIAMOND COURT REPORTERS 916-498-9288

```
 1              A P P E A R A N C E S
 2                    ---oOo---
 3
 4   FOR THE PLAINTIFF:        BENJAMIN WAGNER
 5                             UNITED STATES ATTORNEY
 6                             501 I STREET, Suite 10-100
 7                             Sacramento, California
 8                             BY:  RUSSELL CARLBERG, DUSA
 9
10
11   FOR THE DEFENDANT:        LAW OFFICE OF SCOTT TEDMON
     (Garret Gililland)
12                             1050 Fulton Avenue, Suite 218
13                             Sacramento, California 95825
                               BY:  SCOTT TEDMON, ESQ.
14
15
16
17   FOR THE DEFENDANT:        LAW OFFICE OF KRISTA HART
     (Nicole Magpusao)
18                             P.O. Box 188794
19                             Sacramento, California 95818
20                             BY:  KRISTA HART, ESQ.
21                    ---oOo---
22
23
24
25
```

```
 1            APRIL 22, 2011, AT THE HOUR OF 11:00 A.M.
 2              BEFORE THE HONORABLE EDWARD J. GARCIA
 3                           ---o0o---
 4            THE CLERK:  Calling CRS-08-376, United States
 5   versus Garret Griffith Gililland and Nicole Magpusao.
 6            MR. CARLBERG:  Your Honor, Good morning.
 7   Russell Carlberg for the United States.
 8            THE COURT:  Mr. Carlberg.
 9            MS. HART:  Good morning, Your Honor.  Krista
10   Hart on behalf of Miss Magpusao who is present in
11   custody.
12            THE COURT:  Miss Hart.
13            MR. TEDMON:  Good morning, Your Honor.  Scott
14   Tedmon representing Garret Gililland who is present in
15   custody.
16            THE COURT:  Mr. Tedmon.
17            This matter is on calendar today on defendants'
18   Gililland and Magpusao motion to dismiss the indictment.
19   I have read the briefs and reviewed the record, including
20   the transcripts of the January 2011 hearing, in which
21   these same defendants moved to disqualify counsel from
22   representing another defendant, Anthony Symmes, in a
23   related indictment.
24            Do defense counsel have anything they wish to
25   add in connection with their motions, or anything they
```

3

```
 1   wish to emphasize?
 2           MS. HART:  No, Your Honor.  We are prepared to
 3   submit it on the briefs.
 4           THE COURT:  Mr. Tedmon.
 5           MR. TEDMON:  That's correct, Your Honor.  We are
 6   prepared to submit on the briefs.  It's been fully
 7   exhausted in the briefs.
 8           THE COURT:  Mr. Carlberg, if you submit the
 9   motion, I am going to deny it.
10           MR. CARLBERG:  I am going to submit it, Your
11   Honor.
12           THE COURT:  The motion will be denied.
13   Defendants have failed to demonstrate a basis for either
14   dismissal of the indictment or suppression of the
15   information obtained from defendant Symmes.  Apparently
16   buoyed by this Court's January 2011 ruling, in which it
17   found a conflict of interest precluded Attorney Chris
18   Wing from the continued representation of defendant
19   Symmes in a related case, defendants Gililland and
20   Magpusao have upped the ante.
21           Now, seeking to dismiss the indictment against
22   them, contending that Wing's successive representation of
23   Symmes deprived them of their rights to conflict-free
24   counsel and due process, defendants argue prejudice must
25   be presumed and that nothing short of a dismissal of the
```

                                                          4

1  indictment will right the wrong.
2         First of all, let's get the facts straight.  The
3  Court found that Attorney Wing consulted with and was
4  ultimately retained to represent defendant Magpusao
5  following the 90-minute meet and greet on June 26, 2008.
6  Mr. Wing's representation consisted of, one, sitting in
7  on a meeting with attorney Jules Bonjour and defendants
8  Gililland and Magpusao; two, making a phone call to the
9  government; three, reviewing a search warrant; and four,
10 forwarding an e-mail from defendant Gililland to Attorney
11 Bonjour.
12        Within two weeks, the representation ended, when
13 defendants hired another attorney.  Based on these facts
14 and current case law, the Court disqualified Mr. Wing
15 from further representation of the defendant Symmes.
16 Specifically, the Court stated that an attorney must be
17 disqualified on conflict-of-interest grounds if the
18 attorney meets with the client under circumstances in
19 which confidential information would likely be disclosed,
20 and the attorney subsequently represented an adverse
21 client in a substantially related matter.
22        Citing the Supreme Court Glasser and Sullivan
23 cases, defendants now contend that this conflict of
24 interest is too glaring and too significant to require
25 them to provide any evidence that they were harmed.

5

```
 1   Defendants are mistaken.  They ask too much.
 2           Defendants interpretation of Glasser and
 3   Sullivan leaves out an important step.  Those cases stand
 4   for the proposition that a defendant who shows an actual
 5   conflict exists, which adversely affected counsel's
 6   performance, need not show prejudice.  Thus a defendant
 7   who shows that a conflict of interest actually affected
 8   the adequacy of representation need not demonstrate
 9   prejudice in order to obtain relief.
10           Here, while the Court found that Mr. Wing's
11   successive representation was a conflict of interest, the
12   issue was addressed pretrial.  And the remedy has already
13   occurred.  Defendants have new counsel.  And Mr. Wing is
14   no longer representing anyone in the related case.  In
15   addition, Mr. Wing denies obtaining any confidential
16   information during his brief period of representation of
17   the defendant Magpusao.  And the declaration of Attorney
18   Bonjour bears him out.
19           Defendants' claim of prejudice is, as the
20   government notes, sheer speculation.  And in certain
21   respects it's pure fantasy.  Defendants' statement that
22   they may have garnered cooperation agreements from the
23   government but for Mr. Wing's errors, is belied by their
24   conduct.  If it is cooperation they wanted, they picked a
25   strange way of demonstrating it; by becoming fugitives from  ETG
```

6

```
 1   justice and forcing the government to engage in
 2   extradition proceedings from a foreign country.
 3          In sum, defendants have not demonstrated that
 4   the adequacy of the representation has been affected.
 5   Accordingly, the motion to dismiss the indictment is
 6   denied; as is the alternative remedy of striking
 7   statements of defendant Symmes.  I will not, however,
 8   make the affirmative finding that the government
 9   requests, except to note that to the extent the
10   defendants make a passing reference to a possible
11   subconscious relaying of information from Mr. Wing to
12   Mr. Carlberg, there is absolutely no evidence of
13   government misconduct.
14          I'll ask the government to prepare a proposed
15   summary order of denial of the defendants' motion.  And
16   you might attach a reporter's transcript, Mr. Carlberg,
17   of the Court's bench decision.
18          MR. CARLBERG:  I will do that, Your Honor.
19          THE COURT:  If you get the transcript in time,
20   could you do that within ten days, please?
21          MR. CARLBERG:  The order, yes, Your Honor.
22          THE COURT:  This case is set for jury trial on
23   September 12, 2011, with a trial confirmation hearing of
24   August 26th.  We also set a motion schedule, which all
25   parties agreed to, to be filed today.  Hearing on these
```

```
 1   motions are scheduled to be heard June 10th.
 2            I haven't read them, but I understand the
 3   motions have been filed, Mr. Tedmon?
 4            MR. TEDMON:  Some motions have been filed
 5   yesterday.  There will be some more today.
 6            THE COURT:  Also, I have declared this a           EJC
 7   complex case, with agreement of all parties, and because
 8   the schedule of a trial with so many defendants is
 9   difficult, please do not expect to continue -- please do
10   not expect to continue any dates we have now already
11   agreed to.
12            I mention this, Mr. Tedmon, because as defense
13   spokesperson, you may advise co-counsel when you meet
14   next.
15            MR. TEDMON:  Your Honor, what I'll do is I'll do
16   it a step better.  I will send an e-mail to all counsel
17   relaying the Court's admonishment.
18            THE COURT:  I appreciate that.
19            Anything further, Mr. Carlberg?
20            MR. CARLBERG:  No, Your Honor.  Thank you.
21            THE COURT:  Miss Hart?
22            MS. HART:  No, Your Honor.
23            THE COURT:  Mr. Tedmon?
24            MS. HART:  No, Your Honor.
25            THE COURT:  All right.  Thank you, Counsel.
```

8

```
 1   Defendants are remanded.
 2           (Whereupon, the proceedings were concluded.)
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

                                                                9

1         REPORTER'S CERTIFICATE

2

3   STATE OF CALIFORNIA    )
                           ) ss.
4   COUNTY OF SACRAMENTO   )

5

6        I, LISA MARIE USSERY, CSR, hereby certify that I was
7   duly appointed and qualified to take the foregoing
8   matter;
9        That acting as such reporter, I took down in
10  stenotype notes the testimony given and proceedings had;
11       That I thereafter transcribed said shorthand notes
12  into typewritten longhand, the above and foregoing pages
13  being a full true and correct transcription of the
14  testimony given and proceedings had.

15
16
17
18
19
20                        _____
21                        LISA MARIE USSERY, CSR
                          License No. 11534
22
23
24
25

                                                     10